UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ANDREW KEATING, JR., | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:07CV1966-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On September 29, 2006, Michael Keating, Jr. pled guilty to a charge of manufacturing 500 grams or more of methamphetamine, in violation of 21 U.S.C. §841(a)(1) and punishable under §841(b)(1)(A). On July 13, 2007, this Court sentenced Keating to 135 months' imprisonment, to be followed by a five-year term of supervised release. No direct appeal was taken. Now before the Court is Keating's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, and various other motions filed by Keating.

All six grounds for relief offered in Keating's §2255 motion are claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, movant must show that his counsel's performance was deficient as a matter of constitutional law and that movant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).

A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance."  Id. at 690.  A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  A movant convicted upon his guilty plea must show that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

In Ground One, Keating contends that counsel was ineffective for failing to investigate the background of the case and thereby depriving movant of a legitimate defense.  More specifically, movant argues that evidence, in the form of witness testimony, was available to establish that the arresting officers employed unconstitutional methods to obtain the evidence used to convict movant.  Movant alleges that officers first entered the residence without a warrant and poured liquid into dry containers containing traces of methamphetamine, thereby increasing the weight of the resulting mixture containing methamphetamine, and that then the officers left and obtained warrants to return.

The government responds to Ground One with the affidavit of movant's then-counsel, attesting in detail as to his investigation of the witnesses whose names movant provided to him. See Exhibit 1 to U.S. Response [Doc. #5].  This information clearly supports a finding that counsel made a reasonable and competent

2

investigation, as well as a reasonable and competent determination that none of the witnesses would provide favorable testimony in support of movant's motion to suppress evidence.

Further, the government points out that movant has failed to support his Ground One with the comprehensive information such a claim requires. The Court agrees that movant's lack of specificity and evidentiary support defeats this claim. Because movant does not identify the witnesses, does not demonstrate that they would have been available to testify on his behalf, and does not provide the substance of their testimony, he fails to establish that any failure by counsel to interview or call the witnesses was substandard performance or that it prejudiced his defense. Saunders v. United States, 236 F.3d 950, 952-53 (8th Cir. 2001).

Making a related contention, Ground Three of Keating's motion asserts a claim of ineffective assistance of counsel for withdrawing the motion to suppress evidence when it was obvious that the evidence was obtained in violation of the Fourth and Fifth Amendments. In addition to his investigations, counsel's affidavit also addresses discussion with the prosecution the morning of the suppression hearing, concerning the government's consideration of a superseding indictment adding a firearm charge carrying the potential of a mandatory five-year prison term consecutive to any imprisonment on the drug count.

Counsel then discussed with movant that the government was willing to forgo adding the gun count if the defense withdrew the motion to suppress. Movant's agreement to this course is demonstrated by his waiver of the motion to suppress under oath on the record before the United States Magistrate Judge, who carefully reviewed with movant the import of the waiver. See Exhibit 2 to U.S. Response [Doc. #5], pp.4-5. In view of the fruitlessness of counsel's reasonable investigation, and the strategic decision in which movant himself joined, movant cannot persuasively base an ineffective assistance claim on counsel's advice to waive the motion to suppress. For movant's failure to establish deficient performance or any resulting prejudice, Grounds One and Three are found to be without merit.

In Ground Two, Keating asserts that counsel was ineffective for failing to argue that the Court was without jurisdiction to impose a sentence because 18 U.S.C. §3553(b)(1) is unconstitutional. Movant's theory is that the decision in United States v. Booker, 543 U.S. 220 (1995), finding the statute unconstitutional with respect to mandatory sentences as provided for in the U.S. Sentencing Guidelines, stripped the federal courts of sentencing jurisdiction. No case law is cited in support of movant's novel legal proposition. The argument that §3553(b)(1) is the sole basis for sentencing authority is unpersuasive. See, e.g., 18 U.S.C. §3551(a) ["Except as otherwise specifically provided, a defendant who has been found guilty of an offense

4

described in any Federal statute....shall be sentenced..."]. Failure to assert such an argument is not shown to be deficient performance, nor is any prejudice shown from the failure to make an argument that would have been so readily dismissed. Ground Two is without merit.

Ground Four contains the claim that counsel rendered ineffective assistance by failing to argue the insufficiency of a nexus between the offense and interstate commerce to support federal jurisdiction. Movant's claim is premised on the underlying legal contention that the private manufacture of a controlled substance for personal use and not intended for distribution in commerce is not subject to federal jurisdiction. Movant cites the Supreme Court's holding in an arson case, Jones v. United States, 529 U.S. 848 (2000). Movant's invocation of Jones fails to carry the day in the distinct context of federal jurisdiction over controlled substance trafficking, where the weight of precedent is so squarely against him.

The Supreme Court has said: "Our case law firmly establishes Congress' power to regulate purely local activities that are part of an economic 'class of activities' that have a substantial effect on interstate commerce." Gonzales v. Raich, 545 U.S. 1, 17 (2005). "That the regulation ensnares some purely intrastate activity is of no moment." Id. at 22.

> The [Controlled Substances Act] is a statute that regulates the production, distribution, and consumption of commodities for which there is an established, and

5

> lucrative, interstate market. Prohibiting the *intrastate* possession or manufacture of an article of commerce is a rational (and commonly utilized) means of regulating commerce in that product.

Id. at 26 (emphasis added). See also United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998) ["Our circuit has held that intrastate drug activity affects interstate commerce and that Congress may regulate both intrastate and interstate drug trafficking under the Commerce Clause."].

As with Ground Two, because the Court finds the legal argument counsel failed to make to be without merit, the Court readily concludes that counsel's performance was not deficient for failing to assert the argument. Further, because the argument would have been rejected, no prejudice is shown from counsel's failure to assert it. No right to relief is shown in Ground Four.

In Ground Five, movant alleges that the counsel who represented him at sentencing rendered ineffective assistance by failing to file a notice of appeal. Movant alleges that, after sentencing, he advised counsel he desired to file an appeal, and that counsel told him he had waived his appeal rights in his guilty plea. Movant now claims that he wished nonetheless to appeal and to challenge this Court's denial of his motion to withdraw his guilty plea.

The government has filed the affidavit of movant's counsel attesting that "Mr. Keating never requested an appeal, despite a letter to him informing him again of his right to

appeal." See Exhibit 3 to U.S. Response [Doc. #5], p.1.  The letter to which counsel refers, attached to her affidavit, is dated four days after movant's sentencing, and advises movant that he has "10 days from the date of [his] sentence or until July 23, 2007 to file a notice of appeal."  The government argues that the record unequivocally demonstrates that counsel consulted with movant regarding his right to appeal, and did not fail to follow any express instructions to take an appeal, so that Ground Five is without merit.

In his traverse, movant repeats his contention that prior to counsel's July 17 letter, he had already informed counsel that he wanted to appeal.  Movant also asserts that on several occasions he attempted to contact counsel by telephone concerning his desire to appeal.  On this record, with the facts in dispute as to whether and when movant communicated to his attorney that he wished to proceed with an appeal, the Court must hold a hearing before making factual determinations on the question.  See Watson v. United States, 493 F.3d 960, 964 (8th Cir. 2007).  The Court will appoint counsel to represent movant and set an evidentiary hearing limited to Ground Five.

Finally, in Ground Six, movant argues that counsel was ineffective for directing movant not to mention "wastewater" at sentencing, thereby depriving movant of an objection he desired to raise.  Movant contends that counsel told him raising this

objection might risk the loss of his acceptance of responsibility adjustment. Counsel's advice to defendant on the subject at issue in Ground Six is set forth in her letter of July 6, 2007, one week prior to his sentencing. The advice clearly and accurately sets forth the risks inherent in persisting with a particular line of argument at sentencing. Movant fails to demonstrate that counsel's assistance on this point was in any way deficient or objectively unreasonable. Nor is movant able to show that counsel's advice, or his acceptance of it, prejudiced him in any way, as the argument he might have raised would not have succeeded with this Court. No right to relief is shown in Ground Six.

The Court notes that throughout the underlying criminal proceedings, movant unsuccessfully attempted, while acting pro se despite his representation by counsel, to raise an argument that he again refers to in letters in these §2255 proceedings. The argument is that movant was improperly sentenced based on "the weight of over 2,700 grams of 'wastewater' which contained only a 'trace' amount of meth, which is not allowed under Amendment 484 of the sentencing guidelines." Letter from Movant [Doc. #17], p.1; see also Letter from Movant docketed as "Supplemental Traverse" [Doc. #15]; Letter from Movant [Doc. #18].

No argument directly on this point is stated in any of the six grounds for relief set forth in Keating's §2255 motion. No ground for relief on this basis can be or is properly asserted in a letter filed after the initial §2255 motion, the government's

8

response thereto, and movant's formal traverse and amended traverse. In any event, a contention of trial court error of this kind would be foreclosed in the §2255 context by movant's stipulation of facts at the time of his plea, the failure to properly make an objection on the issue at sentencing, and the failure to take a direct appeal asserting any error of this type, as well as by the untimeliness of its statement in the post-briefing letters.

Several subsidiary motions filed in this §2255 proceeding relate to the "wastewater" argument that is not properly before the Court as a substantive ground for relief. These include a motion for a sentencing transcript [Doc. #9], a "Motion for Order to Preserve Evidence" [Doc. #14], a "Motion for District Court to Take Judicial Notice" [Doc. #16], and movant's letter construed as a motion for expert services [Doc. #18]. These motions will be denied. Should the government or movant's appointed counsel conclude that a sentencing transcript is needed to prepare for the hearing on Ground Five, they may of course order its preparation.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that the instant motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence [Doc. #1] is denied as to Grounds One, Two, Three, Four and Six, which are found to be without merit. The motion is held in abeyance as to Ground

Five, pending an evidentiary hearing on the issues raised in that ground for relief.

**IT IS FURTHER ORDERED** that movant's motion for a sentencing transcript [Doc. #9], "Motion for Order to Preserve Evidence" [Doc. #14], "Motion for District Court to Take Judicial Notice" [Doc. #16], and letter construed as a motion for expert services [Doc. #18] are denied.

**IT IS FURTHER ORDERED** that movant's motion for leave to proceed in forma pauperis [Doc. #10] is granted, and counsel **JoAnn Trog, 121 W. Adams, St. Louis, Missouri 63122, (314)821-1111** is appointed pursuant to 28 U.S.C. §2255(g) and 18 U.S.C. §3006A to represent Michael Keating at the evidentiary hearing on Ground Five.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide movant's appointed counsel with a complete copy of the Court file in this §2255 proceeding as well as the underlying criminal action, <u>United States v. Michael Keating, Jr.</u>, 4:06CR323-DJS.

**IT IS FURTHER ORDERED** that the presence and participation of Michael Keating, Inmate #33111-044, is required at the evidentiary hearing to be held before this Court on **<u>Thursday, December 3, 2009</u>** at **<u>9:30 a.m.</u>**

**IT IS FURTHER ORDERED** that the United States Marshals Service shall transport movant Keating from his place of

incarceration (currently the Federal Prison Camp at Leavenworth, Kansas) to this Court to attend the hearing.

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this order to the United States Marshals Service and to the Bureau of Prisons.

Dated this   12th   day of November, 2009.

                                     /s/Donald J. Stohr
                                     UNITED STATES DISTRICT JUDGE